## Mayer v. Louisville Railway Co.

(Decided May 6, 1921.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Street Railroads—Action for Personal Injuries—Instructions.—In an action for damages sustained at a street crossing, where the motorman of the street car saw the horse and wagon approaching the intersection, and the driver of the wagon saw the car approaching it, the case was properly submitted to the jury upon the theory that there could be a recovery for the plaintiff only if the jury should believe that, after the discovery of the plaintiff's peril, the motorman failed to exercise ordinary care, or to use the means at his command to avert the collision; or if the car was running at an excessive rate of speed and thereby caused the collision.

2. Appeal and Error—Argument and Conduct of Counsel.—There being no reference in the bill of exceptions to the improper conduct of counsel, except a recital in the motion and grounds for a new trial, the question cannot be considered.

3. Street Railroads—Crossings—Signals.—The purpose of a signal at a crossing is to notify persons using it of the approach of a car, and where the plaintiff saw the car approaching, no signal was necessary to give him notice of what he already knew.

4. Street Railroads—Instructions.—The use of the word "might" in an instruction directing the jury that if they "believed from the evidence that after the motorman discovered, or by the exercise of ordinary care might have discovered the plaintiff's peril," instead of the word "could" or "would" or "should," was not misleading.

O'DOHERTY & YONTS and LAWRENCE J. MACKEY for appellant.

STRAUS, LEE & KRIEGER and ALFRED SELIGMAN for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Twentieth street in the city of Louisville runs north and south, and Bank street therein runs east and west. Appellee's car tracks are operated along Bank steet.

Appellant, on December 1, 1917, was driving a delivery wagon north on Twentieth street, and at the intersection of that street with Bank street one of appellee's cars going east collided with appellant's wagon, whereby he was knocked therefrom and injured.

This is an action for damages growing out of that collision, wherein the plaintiff alleged in general terms that his injuries grew out of the gross negligence of those in charge of the east-bound car. The answer was a traverse of the allegations of the petition, and in the second paragraph the contributory negligence of the plaintiff was relied upon, and this was controverted by reply.

On a trial the jury returned a verdict for the defendant, and the plaintiff having filed his motion and grounds for a new trial, which were overruled, prosecutes this appeal.

The plaintiff's own evidence, in substance, is that as he approached Bank street his horse was going along slowly at a jog trot, and that when he was a short distance from the car tracks he looked west and saw the east-bound car approaching at a distance, as he thought, of about 80 or 90 feet, and that the car was going at its ordinary speed; that he slackened the speed of his horse as he approached the car track but that he thought he had time to cross ahead of the car and permitted his horse to proceed, and looked east to see if a car was approaching from that direction; but when he again looked west his horse was on the track and the east-bound car was only a short distance from him and going at a high rate of speed, and he then undertook to urge his horse across in a hurry but the car struck his wagon.

The motorman's evidence, in substance, is that he saw the horse attached to the wagon approaching the intersection as soon as its head came in sight, and that then he was only about thirty feet from the intersection; that he sounded his gong and the driver of the wagon looked up and saw the car approaching and then slackened the speed of the horse almost to a standstill, and he, the motorman, assuming from this that the driver was stopping his horse for the purpose of letting the car pass, thereupon increased the speed of the car, but immediately thereafter saw that the driver was undertaking to pass in front of him, and he then used every possible effort to avoid the collision but was unable to do so.

It will be seen from this short recital of the evidence that the motorman saw the horse and wagon approaching the intersection, and the driver of the wagon saw the car approaching it, and the court below, in view of this situation, submitted the case to the jury upon the theory that there might be a recovery for the plaintiff only if

the jury should believe that after the discovery of the plaintiff's peril the motorman failed to exercise ordinary care or to use the means at his command to avert the collision; or second, if the car was running at an excessive rate of speed and thereby brought about the collision.

It is the first contention of appellant's counsel that the instructions given in this form, when taken in connection with the use on the trial by counsel for appellee during the argument of an ordinance of the city providing that street cars running east and west had the right of way, caused the jury to believe that the question of the right of way was the vital one in the case and thereby induced a verdict for the defendant.

In the first place there is no authority in the record for the statement that the ordinance was used or referred to in any way by counsel during the argument. The bill of evidence shows that counsel for defendant did offer in evidence the ordinance but that the court declined to permit it to be read in evidence, saying at the time that the court took judicial notice of the ordinances of the city; and so far as the bill of exceptions shows there is no reference whatsoever to any occurrence during the argument with reference to the use by counsel of this ordinance. There is nothing to show that any such use was made of it, or that there was any objection to such use, or that the court ruled upon, or was requested to rule upon, any such question. The only reference in the whole record to the use during the argument by counsel of this ordinance is found in the motion and grounds for a new trial.

It is further complained that the court in its instructions failed to require of the motorman the duty to give the signal of his approach to the intersection. Manifestly in this case the signals were not necessary, for it is testified by the driver of the wagon that he saw the approach of the car when it was 80 or 90 feet away, and the purpose of the signal being to notify persons using the intersection of the approach of a car, no signal was necessary to give him notice of what he already knew.

It is also complained that the court erred in its instruction when it said: ''If you believe from the evidence that after he discovered, or by the exercise of ordinary care might have discovered  . . . ,'' and that the use of the word ''might'' instead of either the word ''could'' or ''would'' or ''should'' was misleading.

The criticism is a mere play upon words. It is hardly probable that an ordinarily intelligent jury could have failed to understand the language used by the court, or that it in fact went into the technical meaning of the language used by the court, or attempted to differentiate between the technical meaning of "might" and "could," "would" or "should."

The contention that instructions one and two offered by the plaintiff should have been given, is without merit; every idea embraced in them is embraced in the first instruction given by the court, except the requirement for signals, which as we have seen is unnecessary.

The complaint of the introduction of incompetent evidence in the form of the ordinance heretofore referred to is, as we have seen, without foundation in fact, for the simple reason that the ordinance was not permitted by the court to be introduced; and as to the introduction of the evidence concerning the signals, there being no issue involving the necessity for signals, it was immaterial in any event.

The contention that the verdict was flagrantly against the evidence cannot be sustained. Upon some of the material points at issue there was a sharp conflict in the evidence, and the jury being the triers of the issue of fact, were authorized under the evidence to find the verdict they did. In fact, they might very well have found from the evidence that the plaintiff, having seen the approach of the car, negligently undertook to cross in front of it.

Judgment affirmed.