### Fannin v. Commonwealth.

(Decided September 28, 1923.)

## Appeal from Perry Circuit Court.

1. Criminal Law—No Reversal for Refusal of Continuance in Absence of Abuse of Discretion.—A judgment will not be reversed for refusing a continuance unless from all the facts and circumstances appearing in the record there was a manifest abuse of discretion by the trial court.

2. Criminal Law—Refusal of Continuance for Absent Witness Held Not Abuse of Discretion.—There was no abuse of discretion in refusing a continuance for absent witnesses, where the court permitted accused to read the affidavit filed in support of the motion showing what the absent witnesses would testify, and the evidence of the absent witnesses was corroborative of other testimony introduced by accused.

3. Homicide—Verdict for Manslaughter Not Palpably Against Evidence.—In a prosecution for murder, a verdict convicting of manslaughter held not palpably against the evidence.

4. Criminal Law—Province of Jury to Accept Testimony of One Set of Witnesses and Reject that of Another.—It is the province of the jury to accept the testimony of one set of witnesses, and to reject that of another, and the verdict will not be disturbed, unless the rejected testimony so overwhelmingly preponderates as

to indicate that the jury's verdict was the result of passion and prejudice.

5. Criminal Law—Improper Conduct of Counsel Not Considered, Unless Authenticated in Bill of Exceptions.—Improper conduct of counsel in the closing argument to the jury cannot be considered on appeal, unless it is authenticated by the lower court in a bill of exceptions, and it is not enough that it appears in the motion and grounds for a new trial.

WOOTTON, SMITH & WOOTTON for appellant.

THOS. B. McGREGOR, Attorney General, and CHAS. W. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Appellant was charged in the Perry circuit court with the murder of Sam Gayheart, and on the trial was convicted of manslaughter and sentenced to serve ten years in the penitentiary.

The first ground urged for a reversal of the judgment is that the trial court erred in refusing to grant appellant a continuance because of absent witnesses. In support of the motion for a continuance appellant filed his affidavit showing what the absent witnesses would state. The court overruled the motion but permitted appellant to read the affidavit as the testimony of the witnesses. The contention is that the full effect of the testimony of these witnesses could not be had except by an oral examination in court, and consequently it was error to overrule the motion for a continuance.

It has often been stated by this court that a judgment will not be reversed for refusing a continuance unless from all the facts and circumstances appearing in the record there was a manifest abuse of discretion by the trial court. Owen v. Commonwealth, 181 Ky. 257; James v. Commonwealth, 190 Ky. 458; Brown v. Commonwealth, 195 Ky. 166. The evidence of the absent witnesses in this case was corroborative of other testimony introduced by appellant. It was placed before the jury in the form of an affidavit. In these circumstances and from a consideration of the entire record we are unable to say that there was an abuse of discretion in overruling the motion.

The second contention is that the verdict of the jury is palpably against the evidence. The evidence shows that appellant was employed at Duane by the proprietor

of a restaurant and pool room, and on the morning of the killing the deceased had been engaged in playing pool and discovered, as he claimed, that he had not been given the proper change in making some payments to appellant. He demanded of appellant an additional two dollars, and it was while the two were engaged in a controversy over that sum that appellant shot and killed the deceased. There is conflicting proof as to the conduct of deceased preceding and at the time of the shooting. Some of the evidence shows that he had a knife in his hand, waiving it in a threatening manner. On the other hand most of the witnesses for the Commonwealth said they saw no knife and that deceased made no attempt to harm or injure the accused. The testimony for appellant is that the deceased was advancing on the accused with a knife, and that the shot was fired in self-defense.

It will be seen from the foregoing summary that the Commonwealth's evidence is sufficient to sustain the verdict, whereas the defendant's evidence made out a case of justifiable homicide. This court has frequently said that it is the province of the jury to accept the testimony of one set of witnesses and to reject that of another, and the verdict will not be disturbed unless the rejected testimony so overwhelmingly preponderates as to indicate that the jury's verdict was the result of passion and prejudice. Wells and Isaacs v. Commonwealth, 195 Ky. 740; Franklin v. Commonwealth, 195 Ky. 816; Allison v. Commonwealth, 196 Ky. 140. Applying this rule to the case at bar, it cannot be decided that the verdict is flagrantly against the evidence, since according to the testimony introduced by the Commonwealth there was no justification for the shooting.

The final contention is that the Commonwealth attorney in his closing argument to the jury was guilty of misconduct that was grossly prejudicial to appellant. The misconduct complained of consists, as claimed, of statements not sustained by the record nor warranted in law. But we are precluded from considering this ground of complaint because it is not authenticated in the record. It merely appears in the motion and grounds for a new trial, and there is nothing in the bill of exceptions to indicate that the statements were made by the Commonwealth attorney or that any objection was made to them by counsel for the defendant. It is an established rule of this court that improper conduct of counsel in the clos-

ing argument to the jury cannot be considered on appeal unless it is authenticated by the lower court in a bill of exceptions. Bannon v. Louisville Trust Co., Admr., etc., 150 Ky. 401; Southern Railway Co. in Kentucky v. Thacker's Admrx., 156 Ky. 483; Illinois Central R. R. Co. v. Evans, 170 Ky. 536; and Mayer v. Louisville Railway Co., 192 Ky. 371. It follows that this ground must also be overruled.

Perceiving no errors in the record prejudicial to appellant's rights, the judgment is affirmed.