## Mays v. Commonwealth.

(Decided October 26, 1923.)

### Appeal from Bell Circuit Court.

1. Criminal Law—Complaint as to Argument of Counsel First Made in Motion for New Trial and Not Properly Made Part of Record Not Reviewed.—A complaint as to improper argument of counsel manifested for the first time in the motion and ground for a new trial, and not made a part of the record by bill of exceptions or

other approved method cannot be considered on appeal, even if improper and prejudicial.

2. Homicide—"Dying Declarations" Must Speak of Matters Occurring at Time of Homicide.—A dying declaration must speak of matters occurring at the time of the homicide for which defendant is accused, or as to transactions immediately leading up to and forming a part of the difficulty in which it occurred.

3. Homicide—Dying Statement that Deceased Did Not Know Why Defendant Shot Him Not Prejudicial where Followed by Statement of Whole Transaction.—Introduction of dying statement of deceased that "I don't see· why he shot me" was not prejudicial when followed immediately by a statement covering the history of the whole transaction from the commencement to the closing.

4. Homicide—Admission of Dying Declarations Cured by Similar Testimony of Accused.—Any error in introducing in evidence deceased's dying statement that he and accused had had no trouble was cured when accused testified to the same fact himself.

5. Homicide—Instruction as to Bringing on Difficulty Held Not Subject to Criticism as Not Defining that Term.—Instruction denying right of self-defense if accused "brought on the difficulty" by assaulting deceased with a deadly weapon, or by making threats or demonstrations to do so, was not erroneous as not defining the quoted expression.

6. Homicide—Instruction as to Provoking Difficulty Not Erroneous as Directing Attention of Jury to Specific Facts.—Instructions denying right of self-defense if accused brought on the difficulty "by assaulting him with a deadly weapon, or by making threats or demonstrations to do so," did not violate the rule against directing the attention of the jury to specific facts testified to by witnesses for either side, the use of such words being necessary to define the meaning of the term "brought on the difficulty."

JAS. M. GILBERT, CLEON K. CALVERT and D. M. BINGHAM for appellant.

THOS. B. McGREGOR, Attorney General, and ED. L. ALLEN, Assistant Attorney General, for appellee.

## OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Mays, was convicted at his trial in the Bell circuit court on the charge of murdering Charlie Wilson and was punished by confinement in the penitentiary for life. On this appeal it is complained in brief of his counsel that the court erred to his prejudice (1), in admitting as evidence, over his objections, parts of a dying declaration made by deceased; (2), improper qualification of the self-defense instruction, and (3), misconduct of prosecuting counsel, consisting of improper statements made in his closing argument to the jury.

This last complaint, however, was manifested for the first time in the motion and grounds for a new trial and was not made a part of the record by bill of exceptions or other approved method. In that case, as we have often held, we are precluded from considering it even if the remarks were improper and prejudicial, as shown in the motion for a new trial, though in this case we do not find it so. The latest case so holding, and in which others are cited, is Fannin v. Commonwealth, 200 Ky. 635; and another recent one is Arnold v. Commonwealth, 194 Ky. 421. We will, therefore, dismiss complaint (3), without further reference thereto.

It is not insisted under complaint (1) that the dying declaration of the deceased was incompetent because not made *in extremis*, but it is claimed that certain parts of it did not relate to the time of the killing or to the immediate circumstances connected therewith, as is required in order to render it competent, for it is the rule ''that dying declarations are only admissible in evidence where the death of the deceased is the subject of the charge, and the circumstances of the death the subject of the declaration; and that such evidence should be admitted only upon grounds of necessity and public policy, and be restricted to the act of killing and the circumstances immediately attending it and forming a part of the *res gestae*.'' Leiber v. Commonwealth, 9 Bush 12; Collins v. Commonwealth, 12 Bush 271; Luker v. Commonwealth, 9 Ky. L. R. 385. In other words, the rule is that the dying declaration must speak of matters occurring at the time of the homicide for which defendant is accused, or to transactions immediately leading up to and forming a part of the difficulty in which it occurred. In this case the witness who testified to the dying declaration stated that he asked decedent about thirty minutes before he died ''if he had had any trouble with Mr. Mays,'' to which deceased responded ''that he and Mr. Mays had not had any trouble,'' and said, ''I don't see why he shot me,'' and then the witness detailed the statement of the deceased as to how the homicide occurred, which corresponded in substance and was almost in detail the same as that given by other eye-witnesses introduced by the Commonwealth.

It is urged in support of this complaint that it was error to admit the statement of the deceased that he and Mays had no trouble, and also the one that he did not see why defendant shot him, since, as is insisted, the first

one related to time prior to the difficulty, and the second one expressed but the conclusion of the declarant. To say the least of it, it requires somewhat of a strained construction to attribute to them the interpreted meaning adopted by counsel for defendant, and we do not think they may be so applied. The first declaration as to the trouble between the parties might be construed as referring to the occasion of the homicide with as much propriety as to past occasions, and the statement that ''I don't see why he shot me,'' is not equivalent to the expression, often condemned by this court, ''He shot me for nothing,'' or its substance. But, whether so or not, the statement complained of was immediately followed by one covering the history of the whole transaction from the commencement to the closing, and under those circumstances the error, if any, in admitting the prefacing statement complained of could not be regarded as prejudicing the substantial rights of defendant. Besides, in the Luker case, *supra,* the dying statement contained the expression, ''they (deceased and defendant) had no fuss,'' and then proceeded to detail the facts immediately connected with the homicide. This court in its opinion, after referring to the latter fact, said: ''And the other statement that they had no fuss was obviously intended by the deceased to relate to the time and place he was shot, and could not be fairly understood otherwise.'' It also may be further noticed that defendant, himself, while on the stand, stated that there had been no previous difficulty between him and the deceased. So that, howsoever we might construe the objectionable statement in the dying declaration of the deceased, and whatever prejudicial effect it might otherwise have, it was necessarily cured when defendant testified to the same fact himself.

The self-defense instruction was drawn with commendable accuracy, but the court attached to it this qualification: ''Unless you shall further believe from the evidence, to the exclusion of a reasonable doubt, that the defendant at the time when he was not in danger of death or great bodily harm at the hands of the deceased, and did not believe and have reasonable grounds to believe that he was in such danger, unlawfully, wilfully and feloniously provoked and brought on the difficulty with the deceased by assaulting him with a deadly weapon or making threats or demonstrations to do so, and thus made the harm or danger to himself, if any there was, excusable on the part of the deceased in his (deceased's) necessary or

apparently necessary self-defense, then you can not acquit the defendant on the grounds of self-defense." The first criticism of the qualification is directed to the language therein contained, "provoked and brought on the difficulty with the deceased," and a number of cases from this court are cited, and many more could have been, to the effect that to say in an instruction qualifying the right of self-defense that it would be lost to defendant if he brought on the difficulty without defining or pointing out the facts which would constitute such an act was erroneous, since the jury would then be left to speculate as to what acts were sufficient to bring on the difficulty. The two cases chiefly relied on in brief to sustain this objection are Greer v. Commonwealth, 27 Ky. L. R. 334, and Wrist v. Commonwealth, 33 Ky. L. R. 718, and each of them refutes the contention made by counsel and sustain the court in its draft of the qualification complained of.

In the Greer case the trial court qualified the self-defense instruction by saying: "Unless you believe from the evidence that the defendant brought on the difficulty, then the law of self-defense does not apply, unless the defendant in good faith abandoned the difficulty." There was no language employed by which the jury could determine what was legally necessary to "bring on the difficulty," and in the opinion this court directed the proper qualification that should have been given under the testimony in that case, which was: "Unless you believe from the evidence that the defendant brought on the difficulty by presenting a pistol at Emmo Calloway, or aiming to shoot her with it, then the right of self-defense does not exist." In the Wrist case the opinion said: "The safer and better practice is not to use the words 'brought on the difficulty' in an instruction, but if they are used, the court should define their meaning, and there are many cases in which it would be prejudicial error to fail to define what was meant by the expression 'bringing on,' or 'brought on,' the difficulty."

It will be seen that the qualification in this case did define the meaning of the expression "brought on the difficulty" and thereby removed the ground for the criticism urged against it. But, strange as it may seem, complaint is also made of the language employed in defining the meaning of the court, saying, "by assaulting him with a deadly weapon or by making threats or demonstrations to do so." It is insisted that the quotation violated

the rule against directing the attention of the jury to specific facts testified to by witnesses for either side, and was therefore erroneous. But, it is difficult to perceive how the court could inform the jury what acts would be deemed as a "bringing on of the difficulty" without a reference to the facts proven by the Commonwealth as establishing that fact, and in the cases, *supra,* relied on by counsel, that course was approved. It would certainly be error for the court to direct the jury that certain facts, for which there was no testimony in the record to sustain, would be sufficient to deprive the defendant of his right of self-defense, and the submitted fact or facts qualifying that right must necessarily be based upon some testimony introduced in the case which, if the jury believed beyond a reasonable doubt, would deprive the defendant of the benefit of the self-defense instruction.

In addition to the Greer and Wrist cases, the same question was before this court in the case of Riddell v. Commonwealth, 33 Ky. L. R. 764, where it was claimed by the Commonwealth that the defendant lost his right of self-defense by first assaulting the prosecuting witness with a knife, and the court qualified the self-defense instruction by saying to the jury that if defendant "brought on the difficulty in which said Edgar Thomas was cut, stabbed and wounded by assaulting him with a knife," etc., then they would not acquit him on the ground of self-defense. This court, in approving that instruction, said: "While this court has held an instruction erroneous which contains the expression 'brought on the difficulty' without describing the manner or means by which the difficulty was brought on, yet where the instruction contains such a provision, and qualifies it by words showing the manner in which the difficulty was brought on—as, for instance, in the case at bar, by using the words 'by assaulting said Edgar Thomas with a knife,' etc.—such an instruction presents the law of the case, and is not subject to criticism. (Allen v. Commonwealth, 9 Ky. Law Rep. 784, 10 Ky. Law Rep. 582; Crawford v. Commonwealth, 15 Ky. Law Rep. 356; O'Day v. Commonwealth, 30 Ky. Law Rep. 848.)"

In this case it was proven by a number of witnesses for the Commonwealth, and by the dying declaration, that defendant drew his pistol and advanced toward deceased in a menacing manner while the latter was coming away from the inner door to the office of the Haybee Jellico Coal Co., which opened into its commissary store

room, and that he had no weapon nor was he saying or doing anything to defendant, and that to prevent defendant from shooting him he grabbed for the pistol, which was followed by two or three shots and a scuffle between the two, after which deceased was found to be wounded in two places, from the effects of which he shortly thereafter died. The court, therefore, in employing the language complained of confined itself to the acts of defendant as proven by the Commonwealth and committed no error in doing so.

It would serve no purpose to summarize the evidence in the case further than to say that it was sufficient to authorize the verdict rendered, and finding no error in the trial justifying a reversal of the judgment, it is accordingly affirmed.