## Smith v. Commonwealth.

(Decided October 5, 1926.)

### Appeal from Harlan Circuit Court.

1. Homicide.—Firing of the first shot is not always such a bringing on of the difficulty as will forfeit right of self-defense, but question turns on circumstances and situation of parties.
2. Homicide.—Instruction qualifying right of self-defense, if defendant brought on difficulty with deceased or if they voluntarily engaged in actual combat, held proper, under evidence that defendant was aggressor.

J. S. FORESTER for appellant.

B. B. GOLDEN, FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment convicting appellant of manslaughter and fixing his punishment at fifteen years' imprisonment.

The only error relied on was the giving of the following instruction:

"Although you may believe from the evidence, beyond a reasonable doubt, that in Harlan county, and before the finding of the indictment herein, the defendant shot with a pistol and killed Ransom Turner, and you further believe from the evidence that when he did he believed and had reasonable grounds to believe that he was then in real or apparent impending danger of death, or some great bodily harm, about to be inflicted upon him at the hands of said Turner, yet, if you further believe from the evidence, to the exclusion of a reasonable doubt, that when the defendant did not believe, and have reasonable grounds to believe, that he was in real or apparent danger of death, or other great bodily harm at the hands of said Turner he willfully and feloniously brought on the difficulty by making demonstrations to shoot said Turner with a gun or pistol with the intention of killing him, and did thereby make the danger to himself on the part of said Turner excusable or justifiable in the protection of himself, or that the defendant and said Turner voluntarily entered into the actual combat with the intention upon the part of each to kill the other, or to do the other some great bodily harm, then you cannot acquit the defendant on the ground of self-defense or apparent necessity."

This instruction was approved in Gordon v. Commonwealth, 136 Ky. 508, 124 S. W. 806, and, whether it was authorized by the evidence, is the only question for consideration.

The evidence for the Commonwealth may be summarized as follows: Several persons, including appellant and the deceased, Ransom Turner, had gathered at a place in Harlan county, near the Perry county line, to engage in a shooting match for a beef. Appellant was intoxicated to such an extent that he could not hold his gun steady, and, after firing one shot, got Jonathan Gil-

liam to shoot for him. Neither of these shots took effect, but Ransom Turner had five good shots to his credit. There was a fire on the ground near the place where the contestants stood to shoot at the target. While standing around the fire the deceased remarked that he had five good shots and that his nerve was good, or, according to some of the witnesses, that if his nerve held out he would win, or, as stated by another witness, that he was a nervy man. Whereupon appellant remarked that nerve was a good thing to have if a man could stand behind it, to which deceased replied that he had his gun loaded to back him up. No further conversation took place between appellant and deceased at that time, and deceased walked some 30 or 40 feet down the road. Appellant remained at the fire with his rifle in his hand and a 45 caliber revolver in his holster. Oscar Creech and Otis Turner, a younger brother of the deceased, made some jocular remarks about the beef, Creech saying that he would like to have a piece of the beef, and Turner saying that he would like to ride the beef home. Appellant said, "No, God damn you, you will not ride that beef," or "No God damn man will ride that beef home," and immediately fired his rifle near the feet of the boys. At this juncture the deceased fired his pistol into the ground and appellant advanced towards deceased, firing his rifle into the ground, some of the witnesses saying that he shot in the direction of the deceased, the ball striking in the ground some 15 feet away from where he stood. Thereupon the deceased advanced towards appellant with his pistol in his hand by his side. Appellant continued to shoot into the ground near the feet of the deceased until his rifle was empty. When he and deceased got near each other he either dropped his rifle or changed it to his left hand and drew his revolver. According to some of the witnesses the deceased said, "We don't want any trouble, Floyd, we are good friends." Appellant then fired his pistol into the ground at the feet of the deceased. Then the deceased fired his pistol into the ground. Appellant raised his pistol and shot the deceased in the breast. The deceased then began to shoot at appellant and inflicted two or three wounds. The deceased then turned and ran until he fell and died about an hour and a half later. On the other hand, appellant's evidence, which was corroborated by several witnesses, was in sub-

stance as follows: After taking part in the match he stood around the fire. He had been invited to dinner at Bish Boggs'. He had heard some random shooting and shot three shots in the ground just to be doing it, and not thinking of any trouble. He then started down the road with his brother, Green Smith. Ransom Turner started towards him with his pistol in his hand. Turner advanced for about 15 steps. When he got near he called appellant a damn fool. At that time appellant's pistol was on his left hip in the holster. When Turner made the remark he threw up his pistol and shot appellant in his breast. At that time he had never fired any shot at Turner. After appellant was shot he grabbed his pistol and both guns fired. Appellant fired only two shots, and did not know which took effect. Turner shot him twice in the breast and once in the left shoulder. Appellant then saw something behind a black gum tree and fired another shot.

It is true that the firing of the first shot is not always such a bringing on of the difficulty as will forfeit the right of self-defense. Shell v. Commonwealth, 194 Ky. 767, 240 S. W. 747. The question turns on the circumstances and situation of the parties. If the accused fires the first shot or makes a demonstration to shoot the deceased when he is in no danger, real or apparent, then an instruction qualifying the right of self-defense is proper. It is true that the evidence is conflicting as to who fired the first shot, but a consideration of all the evidence makes it difficult to escape the conclusion that appellant was the aggressor throughout the difficulty. Not only was there evidence that he was drunk and firing his rifle promiscuously, but also evidence that he fired in the direction of the deceased and into the ground only a few feet away from where he stood. Nor was this all. It was shown that he advanced towards the deceased and fired into the ground at his feet. The deceased responded by firing his pistol in the ground. At this juncture the deceased protested that they were friends and did not want any trouble. It must be conceded that if each was in danger from the shot or conduct of the other, then appellant was the first one at fault. On the other hand, if the difficulty had not then been brought on, and neither was in danger, the Commonwealth's evidence that appellant raised his pistol and shot deceased in the breast was certainly sufficient to show that appellant brought on the difficulty and to authorize the instruction complained

of. On the other hand, if it be true, as some of the evidence tends to show, that appellant and deceased voluntarily engaged in mutual combat with the intention on the part of each to kill the other, or do the other some great bodily harm, then it was proper to tell the jury that they could not acquit the defendant on the ground of self-defense or apparent necessity. In the circumstances, we can not say that the instruction qualifying the right of self-defense was not authorized by the evidence.

Judgment affirmed.