## Smith v. Commonwealth.

(Decided October 24, 1930.)

H. M. BROCK and J. B. WALL for appellant.

J. W. CAMMACK, Attorney General, and HOWARD BLACK, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, Lee Smith, was convicted of the crime of manslaughter and sentenced to imprisonment in the penitentiary for a period of two years and one day. He urges as grounds for reversal of the judgment that the trial court erred in admitting certain alleged incom-

petent evidence and that the instruction on self-defense is erroneous.

Appellant killed Leander Davis at the home of Marsh Johnson in Harlan county on January 26, 1929. The evidence shows there was ill feeling between appellant and the deceased and that they had had trouble on three occasions before they met at Johnson's home. On that day appellant had been called into the Johnson home to read a letter. After he had been there about thirty minutes, the deceased and Coyt Marlow came into the house. When Davis saw Smith he asked one of those present, "Ain't that the man that tried to run over me?" Appellant answered, "I didn't try to run over you." The conversation between the two men developed into a quarrel and Mrs. Johnson ordered them out of her house. Davis left the room accompanied by Marlow, but they went no further than the porch, where Marlow sat down and Davis remained standing near the door. According to some of the witnesses, Davis continued to taunt Smith and invited him to come outside. Five or ten minutes after Davis had left the room, Smith started out. Three witnesses for the commonwealth testified that as he stepped upon the porch he struck Davis in the neck with a knife and that thereupon Davis struck Smith in the abdomen with a knife. The evidence for the defense tended to show that the deceased struck appellant first and that appellant cut deceased in his necessary self-defense. The deceased inflicted a wound on appellant about three-quarters of an inch long. Immediately after the cutting, deceased ran to the store of Herbert Teeters about 300 feet away, where he called a taxi to take him to the hospital. When the taxi arrived at the hospital he was dead. Several witnesses testified that as Davis went toward Teeters' store appellant followed him and on the way picked up a stick. When he arrived at the store Davis had left. Teeters asked him concerning the trouble, and, according to Teeters, he said, "They had cut each other and he said he ought to cut his head off."

It is insisted that all the evidence as to what occurred after the cutting was incompetent and should not have been admitted. The act of appellant in picking up the stick occurred immediately after the cutting and while the deceased was still present. The alleged statement to Teeters was also made immediately after the cutting and near the scene of the main transaction. Both

the act of appellant in picking up the stick and the alleged statement made to Teeters grew out of the main transaction and followed it so closely as to illustrate it and throw light on the question as to who was the aggressor. Under the circumstances, the evidence was admissible. Logan v. Commonwealth, 174 Ky. 80, 191 S. W. 676; McCandless v. Commonwealth, 170 Ky. 301, 185 S. W. 1100.

The following qualification was added to the instruction on self-defense:

"Unless you shall further believe from the evidence to the exclusion of a reasonable doubt, that the defendant at a time when he was not in danger of death or great bodily harm at the hands of the deceased, and did not believe and have reasonable grounds to believe that he was in such danger, unlawfully, wilfully and feloniously provoked and brought on the difficulty with the deceased by assaulting him with a deadly weapon or by making threats or demonstrations to do so, and thus make the harm or danger to himself, if any there was, excusable on the part of the deceased in his (deceased's) necessary or apparently necessary self-defense, then you can not acquit the defendant on the grounds of self-defense."

It is claimed that there is no evidence tending to show that appellant brought on the difficulty, and that therefore the instruction on self-defense should not have been qualified. While the evidence on the point is slight, there is some evidence from which the jury might have inferred that appellant brought on the difficulty. It is shown that while appellant had been ordered from the room in which he and deceased had been quarreling, he could have left it by a door other than the one in which deceased was standing. He admits that he had opened his knife before he reached the door and several witnesses testified that he struck at the deceased before the deceased struck at him and when the deceased was making no effort to harm him. Under these facts the qualifying instruction was authorized.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.