## Begley v. Commonwealth.

(Decided April 28, 1936.)

J. H. ASHER and R. B. ROBERTS for appellant.

B. M. VINCENT, Attorney General, and J. J. LEARY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Brown Begley, Farmer Sizemore, and Cash Sizemore were jointly indicted for the murder of Felix Stuart, and, on his separate trial, Brown Begley was

convicted of the crime of manslaughter and sentenced to a term of 21 years in the penitentiary.

The homicide occurred in the town of Hyden February 23, 1935. The deceased, who lived near by, went to the town of Hyden on that day, accompanied by his mother, and they visited a number of stores. Appellant and his two codefendants were seen together in the town of Hyden during most of the day, and apparently followed the deceased from place to place. On one occasion they followed the deceased and his mother into a store, and, while there, one of them was heard to say: "We can't get him now, we will get him after awhile." The deceased left the store and went into the basement of a building near by, and was soon followed by appellant and the two Sizemores. While there, some words passed between him and appellant, and appellant drew a pistol, but was prevented from using it by a bystander. Appellant and Cash Sizemore are first cousins, and Farmer Sizemore is their uncle. Several months prior to the killing the deceased and Cash Sizemore had a difficulty, during which the deceased shot Sizemore in the leg. There was some evidence that appellant had threatened to kill the deceased, and had said "a man couldn't shoot his people and get away with it." There were a number of eyewitnesses to the shooting, and several of them testified that appellant shot the deceased in the back while he was running across the bridge over Rockhouse creek, which flows through the town of Hyden. The evidence shows that appellant fired one shot, and that the deceased fired two shots from a pistol, but there is conflict in the evidence as to who fired the first shot.

It is not contended that the evidence was not sufficient to sustain the verdict, but a reversal of the judgment is sought principally on the following grounds: (1) The court erred in qualifying the appellant's right of self-defense in the instructions to the jury; and (2) the closing argument of the commonwealth's attorney was improper.

Instruction No. 4 was the usual instruction on self-defense, with the following qualification of which appellant complains:

"* * * If you shall believe from the evidence beyond

a reasonable doubt that before the shooting and killing of the said Felix Stuart that the defendant, Brown Begley, had pursued the said Felix Stuart with a deadly weapon and with the intention or the apparent intention of killing the said Felix Stuart or inflicting upon him some great bodily harm and in such a way and manner as to cause the said Felix Stuart to believe in the exercise of a reasonable judgment, just before and at the time the said Felix Stuart fired the pistol mentioned in the evidence, that he was then and there in danger of death or the infliction of some great bodily harm at the hands of the said Brown Begley, then you cannot acquit the defendant, Brown Begley, upon the grounds of self-defense or defense of another and apparent necessity.''

The proof for the commonwealth tends to show that the appellant brought on the difficulty by following the deceased and threatening to kill him. Under the evidence, the instruction qualifying the appellant's right of self-defense was proper. Stahl v. Com., 244 Ky. 356, 50 S. W. (2d) 952; Smith v. Com., 236 Ky. 15, 32 S. W. (2d) 530; Philpot v. Com., 236 Ky. 831, 34 S. W. (2d) 718; Smith v. Com., 215 Ky. 815, 287 S. W. 8; Mays v. Com., 200 Ky. 678, 255 S. W. 257.

If the accused makes a demonstration to shoot the deceased when he is in no danger, real or apparent, an instruction qualifying the right of self-defense is authorized. There was not only the evidence that appellant followed the deceased about the town of Hyden, apparently seeking an opportunity to kill him, but there was evidence that immediately before the shots were fired he drew his pistol, cursed the deceased, ordred him to go home, and threatened to kill him. There was also proof that he shot at the deceased while the latter was running away, and that this was the first shot fired. While the qualifying instruction was not in the customary form, it set out facts which, if true, showed that appellant brought on the difficulty. The form in which it was given did not render it prejudicially erroneous.

Appellant complains of certain statements made by the commonwealth's attorney in his argument to

the jury. The statements are set out in the motion and grounds for a new trial, but no reference is made to the alleged misconduct of the commonwealth's attorney in the bill of exceptions. We have held repeatedly that alleged misconduct of the commonwealth's attorney must be shown by a bill of exceptions, and, if the alleged improper argument appears only in the motion for a new trial, it cannot be considered. Dilley v. Com., 243 Ky. 464, 48 S. W. (2d) 1070; Tiernay v. Com., 241 Ky. 201, 43 S. W. (2d) 661; Fannin v. Com., 200 Ky. 635, 255 S. W. 514.

We find no error in the record prejudicial to appellant's substantial rights, and the judgment is affirmed.