## Roberson v. Commonwealth.

(Decided June 7, 1938.)

H. W. VINCENT for appellant.

HUBERT MEREDITH, Attorney General, and GUY H. HERDMAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Franklin Roberson and Callis Beck were tried together under an indictment charging them with the offense of storehouse breaking. At the conclusion of the evidence for the commonwealth, Beck's motion for a directed verdict in his favor was sustained, and a similar motion made by Roberson was overruled. Roberson did not offer any testimony in his own behalf, and,

upon submission of the case to the jury, a verdict was returned finding him guilty of the offense charged and fixing his punishment at imprisonment in the state penitentiary for a term of one year.

Reversal of the judgment is sought because: (1) The commonwealth's attorney in his closing argument to the jury commented on the defendant's failure to testify; (2) the court failed to admonish or instruct the jury that the defendant's failure to testify did not create a presumption of guilt; and (3) the verdict is flagrantly against the evidence.

The first two grounds relied upon by appellant cannot be sustained. There is nothing in the bill of exceptions concerning any comment of the commonwealth's attorney on the defendant's failure to testify. The record fails to show that such an argument was made or, if made, that the defendant objected or took exceptions. Unless alleged misconduct of a commonwealth's attorney in his argument to the jury is shown by a bill of exceptions, it cannot be considered. Begley v. Com., 263 Ky. 824, 94 S. W. (2d) 4; Alexander v. Com., 262 Ky. 93, 89 S. W. (2d) 867. After appellant's motion for a peremptory instruction was overruled, he moved the court to admonish the jury not to consider his failure to testify, and "not to allow a presumption of guilt to arise in their minds from his failure to testify." The court properly overruled the motion. Such an admonition has been condemned by this court. Hanks v. Com., 248 Ky. 203, 58 S. W. (2d) 394.

The third ground relied upon by appellant presents a more serious question. A storehouse owned by R. L. Layson, located on his farm about five miles from Bowling Green, was broken into in July, 1936, and 50 or 60 bushels of corn were stolen. A few days thereafter Layson went to the store of Clellan Raymer, a grain merchant in Bowling Green, and learned that Raymer had purchased from appellant 6 bushels of shelled corn. The corn was purchased by Irving Brooks, an employee of Raymer. Layson testified that the corn which had been stolen was a variety known as "Neal's Paymaster," a white corn with a red cob. He stated that the corn which appellant had sold to Raymer looked like his corn, but when asked on cross-examination if the corn was part of his corn, he answered: "No sir, I can't absolutely swear to identify that corn." He stated that

none of his neighbors raised the same variety of corn, but he admitted that he had purchased his seed corn on the open market in Bowling Green. Getty S. Finney, a deputy sheriff of Warren county, testified that after he arrested appellant he asked him if he had any corn, and appellant said: "I didn't get it, I hauled it for Callis Beck." He further said to Finney: "I suppose it was Callis Beck's corn." This, in substance, was the evidence introduced by the commonwealth. If the corn sold to Raymer by appellant had been identified as part of the corn which had been stolen from Layson, his possession of the stolen property unexplained would have been sufficient to sustain the jury's verdict, but the corn was not identified, and appellant's statements to the deputy sheriff when he was arrested did not amount to an admission that the corn was part of the corn which had been stolen from Layson's storehouse.

We think the evidence is insufficient to sustain the verdict, and the judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.