**Lee CASTLE and Billy Castle, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 5, 1971.

---

Robert J. Greene, Perry & Greene, Paintsville, for appellants.

John B. Breckinridge, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellants were convicted of the offense of housebreaking and sentenced to confinement in the penitentiary for a period of two years (KRS 433.180).

On this appeal the appellants claim that the trial court erred in admitting incompetent testimony and in failing to sustain appellants' motion for a directed verdict.

Two dwelling houses in Johnson County, Kentucky, owned by Mrs. Rena Caudill, were broken into at sometime between May 4 and May 18, 1969, and the electrical wiring was removed therefrom. Both houses were vacant at the time of the break-in. Mrs. Caudill had inspected the houses on May 4, 1969, and found them in good condition, but on May 18, 1969, she discovered that each of them had been broken into and the wiring removed.

The only evidence implicating the appellants was the testimony of Michael Dean Castle and State Detective B. J. Music. Michael Dean Castle testified that at some time not too long before he was discharged from the Army (on May 30, 1969) he was in the company of the appellants when Lee Arnold Castle, one of the appellants, said, in substance, that he knew where some copper and "stuff" were located in two old houses which were vacant, and asked, "Do you want to go get it?" This witness could not remember the location of the houses and did not describe or otherwise identify them. Officer Music investigated the break-in and was permitted to testify, over appellants' objection, that appellants had visited Montgomery's Scrap Yard attempting to sell some wire. The record does not disclose when this occurred, nor does it show precisely how the officer obtained this information. The

objections of the appellants' attorney, the remarks of the trial judge, and the answers of the witness are so intermingled that the record is confusing, but apparently the employee of the scrap yard told the officer that at some unspecified time the appellants had offered to sell some wire to him.

This testimony was hearsay and should have been excluded. Hopkins v. Commonwealth, Ky., 328 S.W.2d 419 (1959); Tinsley v. Commonwealth, Ky., 283 S.W.2d 362 (1955).

The Commonwealth cites Blanton v. Commonwealth, Ky., 320 S.W.2d 626 (1958), and Hemphill v. Commonwealth, Ky., 379 S.W.2d 223 (1964), relative to the admissibility of the results of an investigation conducted by a police officer. These cases are clearly distinguishable on the facts and are not applicable to the issue presented here.

■ Officer Music also testified that records of the Mountain Metal Company at Prestonsburg, Kentucky, showed a purchase of copper wire from Bill Castle on May 6, 1969. The records were not produced.

The Commonwealth was seeking to prove the contents of the records, and the records themselves were the best evidence of what they contained. Clary v. Commonwealth, 163 Ky. 48, 173 S.W. 171 (1915).

■ Without the testimony of Officer Music, the evidence in this case consists only of proof of a break-in and evidence that one of the appellants had at sometime suggested the theft of wire from some vacant houses. While this evidence is sufficient to create a suspicion, it falls far short of the quality of proof necessary to sustain a conviction.

Moreover, we are of the opinion that the testimony of Officer Music, if it were admissible, would not sufficiently strengthen the case to uphold the conviction. His testimony would establish only that appellants were attempting to sell some wire, but there is nothing to identify the wire as that taken from the Caudill homes.

There is no evidence in this case which places either of the appellants upon or near the premises which were broken into and no evidence which even remotely shows that either of them ever had possession of any of the property stolen. Roberson v. Commonwealth, 274 Ky., 49, 118 S.W.2d 157 (1938), and Penix v. Commonwealth, 264 Ky. 768, 95 S.W.2d 616 (1936), presented factual situations sufficiently similar to the facts of this case as to be controlling.

The judgment is reversed.

MILLIKEN, C. J., and NEIKIRK, OSBORNE, PALMORE, REED, and STEINFELD, JJ., concur.

HILL, J., dissents.