Reginald David SCOTT, a/k/a Reginald
Anthony Davis, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 17, 1972.

As Modified on Denial of Rehearing
June 29, 1973.

Daniel T. Taylor, III, John Tim McCall, Charles Scott, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., John M. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Judge.

The appeal is from a judgment finding the appellant guilty of the wilful murder of Dorothy Jean Carson and fixing his penalty at death.

The evidence on the trial showed that in June 1969 the appellant shot and killed Dorothy Jean Carson in the presence of her two children in her apartment in a Louisville housing project; that the appellant and the deceased, a divorcee, had been living together for some time; that before the killing an argument was waged between the appellant and the deceased during which the appellant drew a pistol from his jacket; that he did not discharge the pistol but at the request of a companion, a Mr. Gilmore, replaced it; and that shortly thereafter, the appellant again removed the pistol and shot the deceased in the left temple. The appellant was observed by a number of people as he left the scene of the tragedy. There was ample evidence of identification of appellant as the man who did the shooting.

Appellant denied the charge to the arresting officers and claimed his name was Reginald Anthony Davis and that he was never in Kentucky prior to his extradition from the state of New York.

The appellant, as he had a right to do, did not take the witness stand or testify in his own behalf. Four contentions are presented in an effort to reverse the judgment.

First the appellant argues that the trial court erred in allowing testimony concerning the fact that an assault and battery warrant had been issued for the defendant upon complaint of the victim some two weeks prior to the shooting. He also argues that he was prejudiced by evidence that he had been arrested in New York on another charge. Insofar as the evidence pertaining to the assault and battery warrant is concerned, this testimony was competent to show the state of feeling that existed between the appellant and the deceased and possibly to show a motive for the shooting. Quarles v. Commonwealth, Ky., 245 S.W.2d 947 (1952); Leigh v. Commonwealth, Ky., 481 S.W.2d 75 (decided February 4, 1972); and Wigmore, Evidence, §§ 300, 216. On the other point, there was no evidence of an arrest in New York on another charge.

The appellant next assigns as error an occurrence in the courtroom some days before the trial of the present case when one of the jurors asked the trial judge when a man, theretofore convicted in the court and given a sixteen-year sentence, would be eligible for parole. The exact answer given by the trial court is not shown in the record, but the trial judge admitted in the discussion of the question with counsel for the appellant that he did answer the question and that he may have told the inquirer that the one so convicted was eligible "too soon."

In Abernathy v. Commonwealth, Ky., 439 S.W.2d 949 (1969), we discussed a question similar to the one here presented. We now answer appellant's second contention by quoting from Abernathy, supra, at page 952:

"We do not condone the remark made by the trial court in this case. In fact, we hold it was an error. But as in the instance of any other error, we are enjoined by RCr 9.24 and 9.26 to disregard it unless we are of the opinion that it affected the 'substantial rights' of the defendants. * * * What it really boils

down to is that if upon a consideration of the whole case this court does not believe there is a substantial possibility that the result would have been any different, the irregularity will be held non-prejudicial."

See also Caine v. Commonwealth, Ky., 491 S.W.2d 824 (1973).

■ Another claimed error is that the single-verdict trial violated appellant's right against self-incrimination because it prevented him from offering mitigating circumstances on the question of punishment where he chose not to testify in his own behalf on the question of his guilt or innocence. The answer to this question may be found in Crampton v. Ohio, 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971), wherein the Supreme Court of the United States upheld a similar proceeding used in the state of Ohio. The appellant cites Campton but urges this court to adopt the minority opinion therein. We have no desire to do this; and if we did, we would hesitate to so do.

■ Finally the appellant insists that he was entitled to a written admonition at the close of the whole case instructing the jury not to indulge any presumption against him by reason of his failure to testify.

The Commonwealth argues that the trial court in effect admonished the jury when, at the close of the trial and after the attorneys for the appellant announced they were closing the case without offering any evidence on behalf of the defendant, the trial judge made the following statement to the jury: "Gentlemen of the jury, the defendant closes without proof. This is Mr. Scott's prerogative." Of course this comment announcing to the jury the prerogative or right of the defendant not only expressed his right not to offer any evidence in his own behalf, but also included his right not to take the witness stand himself. Without deciding the sufficiency of the admonition given, this court in a long line of decisions has held that the defendant under these circumstances is not entitled to an admonition. In the relatively recent case of Roberson v. Commonwealth, 274 Ky. 49, 118 S.W.2d 157, it was written:

"After appellant's motion for a peremptory instruction was overruled, he moved the court to admonish the jury not to consider his failure to testify, and 'not to allow a presumption of guilt to arise in their minds from his failure to testify'. The court properly overruled the motion."

In the earlier case of Hanks v. Commonwealth, 248 Ky. 203, 58 S.W.2d 394, this court held that the defendant was not entitled to an instruction on his failure to testify, citing the early case of Tines v. Commonwealth, 77 S.W. 363, 25 Ky.Law Rep. 1233. This court said at page 364 of Tines:

"In No. 4, the jury were instructed 'that they shall not comment upon the failure of the defendant to testify; neither shall they draw any presumption of his guilt from his failure to testify.' "

It is concluded that under our case law the appellant is not entitled to an admonition pertaining to his failure to testify in his own behalf.

This court is conscious of the dictum in Spencer v. Commonwealth, Ky., 467 S.W. 2d 128 (1971). In fact, the author of Spencer is now the author of the opinion in the instant case, which all goes to prove that a careless foxhound may sometimes lead the whole pack astray. We now repudiate the dictum in Spencer, supra.

The punishment is reduced to the only lower penalty authorized by KRS 435.010, which is life imprisonment. Caine v. Commonwealth, Ky., 491 S.W.2d 824 (1973).

The judgment should be amended to reduce the sentence from death to life imprisonment. As so amended, it is affirmed.

All concur.