## Turner v. Commonwealth.

(Decided May 26, 1925.)

### Appeal from Clay Circuit Court.

1. Criminal Law—Plea of Former Conviction Based on Trial Resulting in Unsigned Verdict Good.—Plea of former conviction interposed on second trial for same offense, for which jury returned unsigned verdict on first trial, was not demurrable, as first trial constituted jeopardy.

2. Criminal Law—That Jury's Verdict was Unsigned Held Not to Invalidate it.—Where jury's verdict was in writing, announced in court, and declared by the jury to be their verdict, the fact that it was unsigned held not to invalidate it, in view of Criminal Code of Practice, sections 255, 256, 261, despite Civil Code of Practice, section 325.

3. Criminal Law—Court Failing to Enter Judgment on Verdict at Trial Term should Enter it within Reasonable Time Thereafter. —Where the original verdict was a matter of record, but judgment was not entered thereon at the term of court at which defendant was tried, because verdict was deemed illegal, it became duty of court to enter judgment thereon within a reasonable time thereafter.

ROY W. HOUSE for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Appellant was tried at the September, 1924, term of the Clay circuit court on a charge of malicious wounding. The jury considering the case rendered an unsigned verdict finding him guilty and fixing his punishment at confinement in the state reformatory for one year. The jury were discharged and the defendant was remanded to jail in custody of the jailer.

No objection was raised as to the sufficiency of the verdict, nor was any motion for a new trial made or any judgment entered thereon. Presumably the court considered the unsigned verdict illegal. At any rate no further reference was made thereto in the orders, and at the ensuing February, 1925, term of the court, the defendant was again put on trial under the same indictment.

In that trial, in addition to his plea of not guilty, he filed a written plea of former conviction setting up the facts above stated as *res judicata.* The court sustained a demurrer to that plea and permitted no evidence to be heard thereon.

On the second trial he was again found guilty and his punishment fixed at one year in the state reformatory. His motion for a new trial having been overruled and judgment entered in accordance with the verdict, he appeals, his chief reliance being error of the court in sustaining a demurrer to his plea of *res judicata.*

Unquestionably under the facts stated appellant was put in jeopardy on his first trial. Williams v. Commonwealth, 78 Ky. 93; Robinson v. Commonwealth, 88 Ky. 386; Gaskins v. Commonwealth, 97 Ky. 494; Drake v. Commonwealth, 29 Rep. 981; Commonwealth v. Goulet;

140 Ky. 848, and the court erred in sustaining a demurrer to that plea, and for this reason the judgment must be reversed.

It is next urged that the verdict on the first trial was invalid. However, it was in writing, was announced in court, and was declared by the jury to be their verdict and the only objection to its sufficiency is that it was unsigned.

Section 325 of the Civil Code requires verdicts to be in writing and signed, but this provision is not carried into the Criminal Code. As to the latter it is provided:

> "When a jury have agreed upon their verdict they must be conducted into court by the officer having them in charge, their names called by the clerk, and if they all appear, their foreman must declare their verdict." Section 255.

Section 256 authorizes either a general or special verdict. Section 257 defines a general verdict and section 259 defines a special verdict.

Section 261 provides:

> "A special verdict must be reduced to writing by the jury, and read by them in the presence of the court. It shall not be received by the court unless it pronounce, affirmatively or negatively, on the facts necessary to enable the court to give judgment."

Under the latter provision it may be implied that a special verdict should be signed, but there is no intimation that a general verdict should be in writing or be signed, and at common law it was not essential to the validity of a verdict that it should be in writing or signed. 16 C. J., Title, Criminal Law, sections 2581-82 and cases cited.

While it is the general practice of our courts to require juries to return their verdicts in writing, signed by their foreman or one of their number, and this practice is to be highly commended, in the absence of statute and in view of the practice at common law we are of the opinion that the verdict in this case was sufficient and that the court should have entered judgment thereon.

In this view of the case all subsequent proceedings looking to another trial were improper and erroneous. The facts stated above seem to be conceded by both parties. Assuming them to be true, as the original ver-

dict is a matter of record, although judgment was not entered thereon at the term of court at which defendant was tried, it became the duty of the court to enter judgment thereon within a reasonable time thereafter. Neace v. Commonwealth, 165 Ky. 739. On a return of the case this can yet be done unless denied for some reason not appearing in this record.

Wherefore, judgment is reversed and cause remanded for proceedings consistent with this opinion.