## Dilley v. Commonwealth.

(Decided April 22, 1932.)

R. D. JACKSON for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for the Commonwealth.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The judgment appealed from convicted appellant and defendant below, Lethal Dilley, of the statutory crime of maliciously shooting at another (Williamson Ford) without wounding him, which is one of the offenses denounced by section 1166 of our present Statutes. On this appeal therefrom by him, his counsel argues three grounds for a reversal of the judgment, which are: (1) Former jeopardy; (2) improper remarks by prosecuting counsel in his closing argument to the jury, and (3) error of the court in not sentencing defendant within sixty days after the verdict of the jury was returned, none of which approaches, much less possesses, merit, and which will clearly appear from our following brief discussion and disposition of them.

1. There is no more sound or universally recognized and applied defense in a criminal prosecution than ''Former Jeopardy''; but for it to be effective it must not only be relied on and presented in the way and manner required by the rules of practice of the forum, but the facts must also be such as to create jeopardy and call for its application. Since the facts of this case so clearly demonstrate the absence of former jeopardy, we do not feel that it is incumbent upon us in this opinion to undertake to give a definition of it, or to point out its essential elements. They are all well known to the profession, and the usual difficulty of determining whether the facts create the defense are so conspicuously wanting in this record that we conclude neither time nor space should be consumed in such an undertaking.

The facts disclosed by the record, and from which it is claimed that the jeopardy plea is available, are: Defendant and his victim were conversing one Sunday afternoon upon the porch of defendant's residence when the latter, for some unknown cause, became enraged and drew his knife and attempted to and did wound his victim with it, but not seriously. Upon receiving that wound the victim descended the steps of the porch in his effort to make flight, and as he did so defendant started into his residence to procure his gun, remarking at the time: "If I can't get you with a knife, I will get you with a shotgun." The victim did not wait for developments, but leaving his automobile parked in the road in front of the residence he ran around defendant's house and through the adjoining field, to be soon followed by defendant, who shot at him at a distance of about sixty yards, but without hitting him. The victim succeeded in making his escape by hiding in the weeds and around trees. Immediately thereafter defendant took an axe and cut to pieces the wheels and tires on the parked automobile of the victim and shot two loads into its body.

The material facts as so briefly outlined were testified to by the victim, as well as by the young daughter of defendant, who was present, and in the main they were not denied by defendant himself, except that he testified that when he fired his shotgun he did not shoot towards his fleeing victim. Besides such direct testimony, proven admissions of defendant largely corroborates it, and there is no escape from the conclusion that the proof established defendant's guilt beyond all reasonable doubt, and at the same time furnished less excuse therefor than has any criminal prosecution coming within our observation up to this time.

Defendant was later twice indicted by the Jefferson county grand jury, in one of which he was accused of maliciously cutting and stabbing his victim (which was based upon the knife wound), and the other one charged him with the statutory offense involved in this record. He was first tried and convicted on the indictment first mentioned, and it is now contended, in support of this ground (the claim of former jeopardy), that the conviction on that indictment barred this prosecution for later maliciously shooting at the same victim. The mere statement of the facts that we have made, and which are undisputed, is sufficient to demonstrate the fallacy

of the argument, and to refute this alleged error. The stabbing with the knife was done at one time and was entirely independent of the shooting that later followed and for which defendant was convicted in this case. The length of the intervening time separating the commission of the two offenses is wholly immaterial, and the facts presented by the record as above outlined render it clearly apparent that not a single element of former jeopardy is presented.

But, were it otherwise, then the contention would have to be denied, since there was no such plea entered at the trial. Section 164 of our Criminal Code of Practime, subsec. 4, contains a suggested form for the making of such a plea, which must be either entered of record, or in writing filed with the court as a part of its record. That suggested form says:

"The defendant pleads that he has been acquitted (or convicted, as the case may be) of the offense charged in the indictment, by the judgment of ——— court (naming it) rendered on the ——— day of ——— (naming the time)."

In the notes to that section, and to section 176 of the same Code, will be found cases from this court announcing the mandatory rule that such a plea should and must be made in the manner indicated at or during the trial in the court having jurisdiction thereof. A still later case dealing with the same subject and adopting the practice as herein indicated is that of Howard v. Commonwealth, 240 Ky. 307, 42 S. W. (2d) 335. The first time during the trial that counsel for defendant attempted to rely upon, or to inject into the case, the plea of former jeopardy, was at the hearing of the motion for a new trial when he filed his written statement setting forth the facts supra which he claimed created that defense, and filed as an exhibit therewith the testimony of the prosecuting witness given on the trial of the malicious cutting indictment, which occurred some days prior to the trial of this case.

We therefore see that there was not only no former jeopardy plea interposed at the trial of the case, but there was also a total absence of any proof to sustain it if it had been properly interposed. It is therefore conclusively shown: (a) That the facts do not support the defense; (b) no such plea was entered; and (c) no

evidence to sustain it was introduced if it had been entered, and which conclusively renders the argument in support of this ground unavailable.

2. The alleged prejudicial argument of prosecuting counsel complained of in ground (2) was not made a part of the record by the bill of exceptions, or by any other recognized method for that purpose, and for which reason alone it cannot be considered. Its only appearance is in the motion for a new trial, which we have uniformly and repeatedly held was insufficient to present it for review on appeal to this court. But we have examined the criticized remarks as contained in the motion for a new trial and have no difficulty in concluding that they were not of a nature to be condemned, nor were they prejudicial.

3. The time intervening between the rendition of the verdict and the sentencing judgment was more than sixty days, and it is argued in support of ground (3) that, inasmuch as the Jefferson circuit court is one of continuous session and that a term therein consists in sixty days (but which relates to civil cases only), the judgment was rendered at the term following the one at which the convicting verdict was returned, and for which reason it is void. A sufficient answer thereto is that in the meantime the motion for a new trial was pending and the judgment sentencing defendant in accordance with the verdict was rendered within the defined term (calendar month in criminal courts; see section 1020-14, Ky. Stas.) during which the motion for a new trial was overruled. In other words, both those orders were made at and during the same term. However, we do not understand the law to be that a convicted criminal must be sentenced at the same term at which the verdict of conviction was rendered. On the contrary, it may be entered at any time thereafter when the presence of defendant can be procured, and numerous are the cases where this court has ordered a judgment upon the verdict even years after the latter was returned and where the court by oversight had neglected to pronounce judgment. But, independently of any such consideration, no objection was made in the trial court to the rendition of the judgment complained of in this ground.

Our conclusion upon the whole case is that the verdict mercifully dealt with the defendant and that his trial was free from any prejudicial errors.

Wherefore, the judgment is affirmed.