## Johnson et al. v. Commonwealth.

(Decided June 4, 1937.)

R. S. ROSE for appellants.

HUBERT MEREDITH, Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Dismissing appeal.

The transcript before us evidences an attempted appeal by Homer Johnson and seven others, all indicted by the grand jury of Harlan county for various felonious offenses. Each had been tried at the extended regular March, 1936, term of the Harlan circuit court, resulting in verdicts of guilty, followed by judgment sentencing each appellant to a term of confinement in the penitentiary, varying in accord with the several verdicts.

We refer to the case of Thompson v. Com., 266 Ky. 529, 99 S. W. (2d) 705, for the development of facts which led this court to hold that the above-mentioned term was illegal, because of the overlapping of the extended term of the Harlan court with the regular April term of the Bell circuit court, both being in the same judicial district.

The cases here differ from the Thompson Case in this respect: Thompson duly prosecuted an appeal; the eight appellants now asking review did not prosecute appeals, but began serving their various sentences in the penitentiary at Frankfort.

After the decision of this court in the Thompson Case, as we gather from the rather meager record before us, each of the appellants made some kind of motion in the Franklin circuit court seeking release from confinement, which motion was overruled. Later each prosecuted a writ of habeas corpus before the presiding judge of said court, and on hearing the judge sustained the writs, and appellants were taken or sent back to Harlan county to await further action of the court having jurisdiction to try the indictments.

At the March, 1937, term of the Harlan court the indictments involved were called and the court ordered them to be placed on the docket "to be set for trial at a later date," it being noted in the order that "these cases were tried at the special April 1936 term, and

which term was declared illegal and sent back to the Harlan circuit court for retrial by an order of the Franklin circuit court.'' The appellants objected and excepted to the docketing of the cases. Later the court assigned all the indictments for trial at the March, 1937 term, and each defendant objected and excepted to the court's action in setting the cases down for retrial. In some of the cases orders continuing them to the August, 1937, term were entered.

On March 19, 1937, an order was entered in which the facts in the main, as we have above stated them were stipulated, and the order recites:

"Each of said persons is now in jail in Harlan County awaiting further court action and each of the cases are now set for trial over the objection of the defendant and each of the defendants having objected to said cases being either set or tried again, same was overruled to which action and ruling of the court each defendant excepted and prayed an appeal to the Court of Appeals, which was granted."

Thus we see from the record that, strictly speaking, the order appealed from is the action and ruling of the court in setting the cases for trial, or their being tried again. At a glance it is apparent that the order of the court in docketing the eight indictments and assigning dates for trials thereon is not subject to appeal.

Section 335 of our Criminal Code of Practice very distinctly provides that "an appeal shall only be taken on a final judgment, except on behalf of the Commonwealth." Had the ruling here been adverse an appeal might have been prosecuted by the Commonwealth. See Criminal Code of Practice, secs. 335, 337, Commonwealth v. Estes, 265 Ky. 186, 96 S. W. (2d) 578, and cases cited. This right of appeal to the Commonwealth is not allowed on the theory that there is a final judgment, but is solely for the correct certification of the law, and the same section, supra, provides that such appeal "by the Commonwealth * * * shall not suspend the proceedings in the case." The Code, as will be seen, does not grant such right to the accused. He can only take an appeal from a final judgment, and here there is in no sense of the use of the term, a final judg-

ment shown. A final judgment means such a judgment as puts an end to the action. A judgment to be final must not merely decide that a party is entitled to relief, but must give that relief by its own force, or be enforceable by the court without further action.

Appellant's argument in brief is predicated upon the idea that the court was in error in assigning the cases for trial, because it is claimed appellants had been placed in former jeopardy. Nothing is shown by record that any such plea was made in the manner and form as required by subsection 4 of section 164 of the Criminal Code of Practice, the time for which plea is "at the time of or during the trial of the case." Dilley v. Com., 243 Ky. 464, 48 S. W. (2d) 1070; Howard v. Com., 240 Ky. 617, 42 S. W. (2d) 881.

However, even though there was presented for consideration the court's adverse ruling on a plea of former jeopardy, we would be forced to hold that such ruling would not be subject to review by this court, in the manner attempted, since it would not be a final judgment as contemplated under section 335 of the Criminal Code of Practice and a number of cases cited thereunder.

The Attorney General has insisted in his brief that the appeals should be dismissed (a) because of misjoinder of parties appellants, and (b) because of the lack of this court's jurisdiction to consider the appeals. We have only discussed ground (b), and on that ground we are compelled to, and do, dismiss each and all the appeals.