# Slone v. Commonwealth.

October 25, 1946.

Napier & Napier for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Dismissing appeal.

On a trial of an indictment charging appellant, Claude Slone, with detaining a woman against her will for the purpose of having carnal knowledge of her, the jury found him guilty of assault and battery under an appropriate instruction, which we presume was justified by the evidence since it was not incorporated in the bill of exceptions. Appellant's motion for a new trial was sustained and the order recites that on motion of the Commonwealth's Attorney the indictment was dismissed. At the next term an order was entered to the effect that the Commonwealth's Attorney made no motion to dismiss the indictment and that the order so doing was entered by mistake, and the indictment was ordered to be re-docketed and the case was continued.

When the indictment was called for trial at a subsequent term, appellant filed a plea in abatement setting out his former trial and conviction and pleaded former jeopardy. From the confused state of the record we are not certain whether the court overruled the plea in abatement, but he did quash the indictment and remanded the matter to the grand jury. Nor are we certain whether this appeal is prosecuted from the order overruling the plea in abatement or from the order remanding the case to the grand jury. However, neither is a final order and no appeal can be prosecuted therefrom.

An appeal may only be taken from a final judgment, except in behalf of the Commonwealth. Section 355, Criminal Code of Practice; Shepherd v. Commonwealth, 284 Ky. 30, 143 S. W. 2d 725. We have expressly held that an order overruling a plea of former jeopardy is not a final order. Johnson v. Commonwealth, 269 Ky. 77, 106 S. W. 2d 121, 122. In the Johnson opinion it was written, ''A final judgment means such a judgment as puts an end to the action.'' Therefore, an order remanding an indictment to the grand jury is not a final judgment.

Having reached this conclusion, we do not get to the question so earnestly argued in the brief for appellant that the court after the term could not reinstate the indictment which had been dismissed; nor the Commonwealth's reply thereto that the dismissal was made without the written recommendation of the Commonwealth's Attorney, as required by KRS 455.070, and was in effect only an order filing away the indictment and did not amount to an order of dismissal.

Since this appeal was not prosecuted from a final judgment it must be dismissed.