**Joe GREEN, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 4, 1966.

Fritz Krueger, Somerset, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

On October 19, 1959, the appellant, Joe Green, entered a guilty plea to an indictment charging him with illegal possession of liquor for purpose of sale in local option territory. The indictment contained the charge that appellant had been convicted of the same type offense on two prior occasions. Pursuant to the guilty plea, a jury fixed his punishment at confinement in the penitentiary for one year. KRS 242.990(1). Appellant filed a motion and grounds for new trial on the day the verdict was rendered (October 19, 1959); the filing of the motion for new trial was noted of record by order which concluded: "* * * and the court takes time on passing on same."

The accuracy of the quoted portion of the order is reflected in the fact that it was not until February 5, 1964, that any further order was entered in the prosecution. On the latter date the court entered an order overruling the motion and grounds for new trial; this order recited that Joe Green had been notified in person of the court's ruling. No indication appears that appellant's counsel was notified, although appellant was represented by counsel of record.

The next order in the proceedings was entered July 18, 1964, and is thus worded:

"It appearing to the court that the defendant Joe Green has been tried and convicted on this indictment and same is stricken from the docket."

On September 21, 1965, a "Judgment of Conviction" was entered, in which it is recited that Joe Green was brought into court, informed of the nature of the indictment, his plea and the verdict, and asked if he had legal cause to show why judgment should not now be pronounced against him. No such legal cause being shown, the judgment provided for the imprisonment of appellant for one year, pursuant to the 1959 verdict.

This appeal challenges the legality of the judgment entered September 21, 1965. It is asserted that the undue delay in pronouncing sentence deprived the court of jurisdiction to enforce the sentence at all. This view finds support in a number of jurisdictions. See 97 A.L.R. 802, et seq., wherein the general rule is reiterated in supplementing an earlier annotation in 3 A.L.R. 1004:

"As stated in the earlier annotation, it is the duty of the court, on a conviction or plea of guilty, to impose sentence within a reasonable time; an indefinite postponement of sentence deprives the court of jurisdiction over the prisoner, and a subsequent sentence is without judicial authority and void, unless justifiable cause exists for the

delay, or the delay is authorized by statute."

It is observed in the same text, however, that in the absence of a statute requiring it, sentence need not be imposed at the same term of court at which the verdict or plea of guilty was had. 97 A.L.R. 806. In support of that proposition decisions of this jurisdiction are cited: Commonwealth ex rel. Attorney General v. Gresham, 196 Ky. 27, 244 S.W. 66; Turner v. Commonwealth, 209 Ky. 272, 272 S.W. 726; Dilley v. Commonwealth, 243 Ky. 464, 48 S.W.2d 1070.

The appellee places heavy stress on the just cited *Dilley* case. Some of the language of that opinion, not considered in context, appears to support appellee's view that the court did not lose jurisdiction. The actual point before the court, and decided by the court, in *Dilley* was whether it was requisite that the sentence be pronounced at the term of conviction. In *Dilley* the court found that the sentence was actually pronounced during the same term the verdict was rendered. Although the opinion refers to "numerous" cases from this court ordering judgment upon a verdict "* * * even years after the latter was returned and where the court by oversight had neglected to pronounce judgment"—none of those cases is cited. Our decisions dealing with the problem at hand are compiled in 6 Ky. 2 Digest, Criminal Law, ☜977(3). Without undertaking an analysis of the cases there collated, it is sufficient to note that they recognize that delay in pronouncing sentence must be a reasonable delay—and that in most instances, the matter of delay was clearly one of mere oversight on the part of the court.

Appellee directs our attention to Pollard v. White, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393. There the Supreme Court, dividing five to four, held that Pollard was properly sentenced to imprisonment, nearly two years after the conviction. It appeared that the District Court had entered an order probating Pollard's sentence, but the order

of probation was void because inadvertently entered without Pollard's presence. In sustaining the delayed imprisonment, Mr. Justice Reed, speaking for the majority wrote, in part:

"Whether delay in completing a prosecution such as here occurred amounts to an unconstitutional deprivation of rights depends upon the circumstances. See, e. g., Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950 [954]; Frankel v. Woodrough, 8 Cir., 7 F.2d 796, 798. The delay must not be purposeful or oppressive. It was not here. It was accidental and was promptly remedied when discovered." Id., 352 U.S. 361, 77 S.Ct. 486, 1 L. Ed.2d 399.

We think the same may not be said of the delay in the case at hand. While we do not intimate that the delay was intended to be oppressive, we view it as purposeful—not accidental. It is apparent that the trial judge knew appellant had not been sentenced as of the time of overruling the motion for new trial—and again when the case was stricken from the docket. Neither are we persuaded that the rationale of Barker v. Commonwealth, Ky., 385 S.W.2d 671, is applicable here. In *Barker* we recognized the rule to be that a defendant may not be heard to complain that he has not been afforded a speedy trial unless he has asked for a trial. Here the situation is different, in that the trial—all but the final sentencing—has been accomplished. We think it would be unrealistic to expect or require a convicted person to affirmatively urge the court to send him to prison.

It should be observed that KRS 439.270, in dealing with probation, requires that the probation period shall not extend more than five years. RCr 11.02 was applicable when appellant was sentenced in 1965. Former Cr.Code Section 283 was in force when appellant was convicted. The language of RCr 11.02, patterned after Fed.Crim. Rule 32(a), directs that the sentence

shall be imposed "without unreasonable delay."

 KRS Chapter 439 prescribes a specific probation system. That system would be substantially frustrated if the trial courts undertook to inaugurate a sort of "off the record" probation by allowing a motion for new trial to pend indefinitely. A convicted person hardly would dare to demand that the trial judge rule on his motion for new trial—he would prefer to "let a sleeping dog lie"—even though the uncertainty of his status should hang over him as certainly as the sword of Damocles. To thwart that situation the legislature has wisely provided that the probation period may not exceed five years. There must be some time in which a convicted person may know he has satisfied his debt to society. Orderly procedure and due process demand that the sentence be pronounced "without, unreasonable delay." Inasmuch as the present sentence was imposed more than five years after the conviction, we conclude that "unreasonable delay" appears.

The judgment is reversed, with directions to enter a new judgment discharging the appellant from custody.

MONTGOMERY, J., dissenting.

MONTGOMERY, Judge (dissenting).

In brief, my reason for dissenting is that an accused who has raised no objection to or has acquiesced in, if not consented to, a delay is not entitled to go scot free, especially when he has pleaded guilty. I am concerned at holding such a judgment void.

Obviously the appellant consented to the arrangement of filing the motion for a new trial and the postponing of a ruling on it. The record discloses no objection at any time until he was called upon to serve the sentence to which he had pleaded guilty. The delay in ruling on the motion is not unreasonable when not objected to or is consented to or acquiesced in by the defendant.

The majority opinion says, "There must be some time in which a convicted person may know he has satisfied his debt to society." The appellant here has done nothing to satisfy his debt to society— he has been free for over five years. It is only when he is called upon to "satisfy his debt" that he objects. This surely cannot be called a satisfaction of his debt to society.