LEVINE, J.
Appellant, a former corrections deputy, appeals his convictions for four counts of official misconduct, one count of tampering with or fabricating physical evidence, and one count of culpable negligence. Appellant challenges the admissibility of certain evidence, the sufficiency of the evidence, and the jury verdict form. We find no merit in any of these issues, and, as such, we affirm.
The evidence during trial showed that appellant escorted an inmate from his cell to fight another inmate. A recorded jailhouse phone call made by a third inmate described the fight as it occurred. After the fight, appellant cleaned the cell where the fight occurred. Appellant had the victim inmate shower even though it was not a shower day. The victim had lacerations, puncture wounds, and abrasions after appellant’s shift. A detective observed blood splatter in the cell where the fight occurred. Medical gauze and/or a piéce of paper from an alcohol swab, which are considered contraband, were also found in the cell. ¡.
Appellant did not “record” the fight, phone call, or shower on the “chronological of events” or on the physical observation sheets, as required to be completed as part of the official jail records. A handwriting expert testified that appellant used one writing instrument for entries on the physical observation sheets for the inmates involved in the fight and the inmate on the phone, but used a different writing instrument for all other physical observation sheets during the same time period.
■The trial court denied appellant’s motion for judgment ■ of acquittal, and the jury . found appellant guilty.
In his first issue on appeal, appellant claims that the admission of a recorded jailhouse phone call made by the inmate who described the incident as it occurred violated the hearsay rule and Confrontation Clause. This court rejected this argument in the codefendant’s case, and we affirm on the basis articulated therein. Jackson-Johnson v. State, 188 So.3d 133 (Fla. 4th DCA 2016).
In his second issue, appellant challenges the admission' of a poster-sized exhibit relating to the recorded jailhouse phone call. We find the arguments appellant raises with respect to this exhibit were not raised below and therefore are not preserved for appeal. See Castro v. State, 791 So.2d 1114, 1115 (Fla. 4th DCA 2000). '
In the third issue, appellant challenges the denial of his motion for judgment of acquittal. We find competent substantial evidence supports appellant’s convictions and affirm on this issue without further discussion.
In the fourth issue, appellant argues that the jury verdict form is defective and requires reversal because it is not signed and dated. Despite the state’s claim that the supplemental records- contain a signed and dated verdict form, the record on appeal does not reflect any such supplemental record. The jury verdict form in the record contains “X” marks next to the verdict for each count, but it does not contain a signature by the foreperson. *1228 The record shows that the verdict was read by the clerk. The record also establishes that the jurors were then- polled, and they confirmed that the verdict was theirs.
' Regardless of the absence of a signed verdict form, no per se reversible error occurred. The verdict was in writing, it was announced in open court, and the jurors declared it to be their verdict when polled. Further, nothing in Florida’s rules or-statutes mandates that the foreperson sign the verdict form. Florida Rule of Criminal Procedure 3.440, which governs rendition of verdict, makes no mention of specifically requiring the foreperson to sign the verdict. Moreover, Florida Rule of Criminal Procedure 3.570 states:. “No irregularity in the rendition or reception of a verdict may be raised unless it is raised before the jury is discharged. No irregularity in the recording of a verdict shall affect its validity unless the defendant was in fact prejudiced by the irregularity.” Thus, by not. raising the lack of signature on the verdict form below, appellant is precluded from raising it on appeal. Finally, although there appear to be no Florida cases on point, other states have held that, a verdict need not be signed by the foreperson. See, e.g., Turner v. Commonwealth, 209 Ky. 272, 272 S.W. 726, 727 (1925); State v. Blue, 134 La. 561, 64 So. 411, 414 (1914); State v. Lewis, 278 S.W. 706, 707 (Mo.1925); Woods v. Commonwealth, 86 Va. 933, 11 S.E. 799, 799 (1890). We agree, and find the failure of the foreperson to sign the verdict form does not constitute reversible error per se.
For all the foregoing reasons, we affirm.

.Affirmed.

DAMOORGIAN and FORST, JJ„ concur.